

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2008

# Lattaker v. Rendell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lattaker v. Rendell" (2008). *2008 Decisions.* Paper 1424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-133                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4694
_____

JAMES K. LATTAKER,
                                              Appellant

v.

GOVERNOR EDWARD G. RENDELL; REPRESENTATIVE JOSEPH PRESTON;
STATE SENATOR JIM FERLO; JUDICIAL CONDUCT BOARD OF
PENNSYLVANIA; THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-01630)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2008

Before: BARRY, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>.

(Opinion Filed: March 18, 2008)
_____

OPINION
_____

PER CURIAM

       James K. Lattaker appeals, pro se, from the order of the United States District

Court for the Western District of Pennsylvania dismissing his action pursuant to 28

U.S.C. § 1915(e)(2)(B). Because the appeal fails to present a substantial question, we will summarily affirm.

I.

The claims alleged in Lattaker's complaint arose out of child support proceedings before the Pennsylvania Court of Common Pleas for Allegheny County between July 1994 and July 2006. According to Lattaker, he was previously incarcerated for failure to comply with support orders and unsuccessfully claimed judicial misconduct before Defendant Judicial Conduct Board of Pennsylvania. In his current complaint, Lattaker challenged Bill 1454, which was enacted in 1988 and provides that willful failure to comply with a support order constitutes a summary offense. See 23 Pa. Cons. Stat. Ann. § 4354(a). The legislation apparently "led to the development of specific State Domestic Relations statutes and specific sections of . . . Pennsylvania's Rules of Civil Procedure" that, in turn, allegedly violated various provisions of the United States Constitution. (Compl. at 3.) Lattaker claimed that he notified Defendants Governor Edward G. Rendell, Pennsylvania State Representative Joseph Preston, and Pennsylvania State Senator Jim Ferlo of the statute's unconstitutionality in July 2006. He alleged that the above Defendants, together with Defendant Commonwealth of Pennsylvania, were liable under 42 U.S.C. § 1983 and § 1985. He expressly requested compensatory and punitive damages as well as declaratory relief.

Lattaker moved for leave to proceed in forma pauperis. On December 4, 2007, the

District Court granted his motion for the limited purpose of filing the underlying complaint and dismissed the action on Eleventh Amendment grounds pursuant to § 1915(e)(2)(B)(ii). Lattaker filed a timely notice of appeal as well as motions for summary action, for pro se mediation, and for appointment of counsel for mediation.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We conclude that the appeal fails to present a substantial question and will summarily affirm the District Court's dismissal. See Third Circuit LAR 27.4; I.O.P. 10.6.

Because Lattaker himself filed for leave to proceed in forma pauperis, the District Court properly considered whether his complaint was frivolous, malicious, failed to state a claim for which relief may be granted, or sought monetary relief against a party who was immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It then correctly determined that the Eleventh Amendment bars all of his claims against the Commonwealth itself and one of its agencies, the Judicial Conduct Board. See, e.g., MCI Telecomm. Corp. v. Bell-Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001). Furthermore, Eleventh Amendment immunity bars claims for damages against Governor Rendell, Representative Preston, and Senator Ferlo insofar as they were named in their official capacities. See, e.g., Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). On the other hand, the Eleventh Amendment does not

preclude either personal-capacity damages claims against the three individual officials or claims against them for prospective relief to stop continuing violations of federal law. See, e.g., MCI, 271 F.3d at 506; Melo, 912 F.2d at 635   Nevertheless, we find that Lattaker's damages claims against the individual Defendants are barred by the legislative immunity doctrine and that his claim for declaratory relief fails to satisfy the "case or controversy" requirement of the federal Constitution.  See, e.g., Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) ("We may affirm the district court on any ground supported by the record." (citation omitted)).

"Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity,'" and the doctrine "shields from suit not only legislators, but also public officials outside of the legislative branch when they perform legislative functions."  Baraka v. McGreevey, 481 F.3d 187, 195-96 (3d Cir.) (quotation omitted), cert. denied, 128 S. Ct. 612 (2007).  Lattaker alleged that his constitutional rights were violated as a result of Bill 1454's enactment and the subsequent refusal to repeal or amend the legislation.  However, a legislator's acts of drafting, debating, and then voting on a bill constitute legitimate legislative activities.  See, e.g., id. at 197.  Governor Rendell was also entitled to immunity for such constitutionally authorized activities as whether to sign or veto a particular bill and whether to recommend proposed legislation to the General Assembly.  Pa. Const. art. IV, §§ 11, 15; see also, e.g., Baraka, 481 F.3d at 195-202.

Lattaker further sought a judgment declaring, among other things, that the

4

Pennsylvania Legislature violated the Privileges and Immunities Clause of the Fourteenth Amendment and that it must amend the statutes governing child support proceedings within a designated time frame. In order to establish standing and thereby satisfy the "case or controversy" requirement of Article III, a party requesting a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) (citation omitted). Lattaker's complaint acknowledged that his child support proceedings were terminated by July 2006, and he did not allege any continuing child support obligations on his part. Accordingly, there is no "substantial likelihood" that Lattaker will be injured as a result of Bill 1454 in the future, and we must reject his declaratory judgment claim against Governor Rendell, Representative Preston, and Senator Ferlo.

In the end, we conclude that the action filed by Lattaker was properly dismissed pursuant to § 1915(e)(2)(B).[1] In his motion for summary action, Lattaker argues, for the first time, that the District Judge should have recused because he "used to work for the Commonwealth of Pennsylvania as an elected state representative for (12) twelve years and used to be a Family Court Judge for (3) three years." (Mot. for Summ. Action at 2.) However, Lattaker fails to show that the failure to recuse constituted plain error. See,

---

[1] Given our conclusion that his claims must be rejected on Eleventh Amendment, legislative immunity, and "case or controversy" grounds, we agree with the District Court that providing Lattaker with an opportunity to amend his complaint would have been futile. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

5

e.g., Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 165 (3d Cir. 2004) (applying plain error standard when party did not request recusal in district court). On the contrary, his complaint lacked any reference to the District Judge, and it never named him (or any other former or current state court judge) as a defendant. Lattaker has never claimed that the District Judge, while serving as an Allegheny County Family Court judge, presided over or had any role to play in his child support proceedings. Likewise, he has not asserted that the District Judge, who left the Pennsylvania General Assembly more than fifteen years ago, played a specific role in the adoption of Bill 1454. Even assuming arguendo that the District Judge should have recused, we find that any error on his part would have been merely harmless given our conclusion, after conducting a plenary review, that Lattaker's claims must be dismissed. See, e.g., id. at 170-72.

### III.

For the foregoing reasons, we will summarily affirm the District Court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of our disposition, we deny Lattaker's motions for summary action, for pro se mediation, and for appointment of counsel for mediation.